FIRST TRUST COMPANY, Trustee, Respondent, vs. MILLER and another, Appellants.

*March 4—March 23, 1915.*

*Pleading: Construction: Joint promise: Corporations: Contracts made by stockholders: When binding: Acquiescence: Estoppel.*

1. Where a pleading requires construction, one which will sustain it should be preferred to one which would defeat it.
2. Where two persons made a joint promise to pay for certain shares of corporate stock, the fact that each was to receive one half of such shares did not affect their joint liability for the whole.
3. Although technically a corporation cannot act contractually except by or through its board of directors, yet where a contract is made at a stockholders' meeting, all the stockholders, including the directors, being present and participating in making it, such action is sufficient to bind the corporation; or the corporation may be bound by acquiescence where all the stockholders and directors recognize an agreement as binding by largely carrying it out.
4. Where the stockholders have made a contract on behalf of the corporation and pursuant thereto corporate stock has been issued to and retained by the other parties, the latter cannot question the validity of the contract on the ground that it was not made by the directors, but are bound by election and estoppel.

APPEAL from two orders of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The plaintiff was trustee in bankruptcy of the Milwaukee Motor Company and, as such was successor to all the right

which such company formerly had to recover on the alleged cause of action. April 24, 1913, and prior to the bankruptcy proceedings, there was a meeting of stockholders of the Motor Company at which all were present. It was called for the purpose of providing additional capital for use in carrying on the company's business. The defendants and all stockholders understood that additional capital was required to save the corporation from impending financial embarrassment. For the purpose of providing it, as needed, it was mutually agreed between all the stockholders on one side and defendants on the other that the former should surrender one third of their stock; that new certificates should be issued to them for the residue; that defendants should take 834 of surrendered shares, one half each; that the authorized capital stock should be increased from the existing $250,000 to $300,000, and that defendants should take 166 shares of the new stock in addition to the surrendered stock and furnish the company $100,000 as needed. Stock was surrendered accordingly and transferred by the company to defendants, certificates in due form being issued to them and the authorized capital was also duly increased to $300,000; but none of the new stock was issued. The board of directors of the company relied upon such agreement and, on behalf of the corporation, fully performed except as to issuing to defendants the 166 shares of new stock. Notwithstanding they accepted the fruits of the agreement as indicated they refused to pay for the stock. It was sought to recover the par value thereof and of the new stock which they agreed to take.

The defendants severally demurred for improper joinder of causes of action and for insufficiency. The demurrers were overruled.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, and oral argument by *W. C. Quarles.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* attorneys, and *Frank M. Hoyt, Edgar L. Wood,*

and *Arthur W. Fairchild,* of counsel, and oral argument by *A. W. Fairchild.*

Marshall, J.   The orders must be affirmed.   The circumstance that each of the defendants was to receive one half the stock they promised to take does not overcome the absolute joint promise to pay therefor.   If the pleading required construction to reach that conclusion, and we think it does not, the one which will sustain it should be preferred to that which would defeat it.

The point that no binding contract was made because the corporation could not contract by its stockholders, that it could only do so through its board of directors, is without merit. Technically speaking, a corporation cannot act contractually, except by its board of directors, or their authority; but that has so many exceptions as to be of little use in practical affairs.   A corporation may be bound by its custom of doing business.   It may be bound by acquiescence; it may be bound by accepting and retaining the fruits of a transaction and in other ways without any action by its board of directors.   Here, according to the complaint, all directors were present and participated in making the agreement.   That was a sufficient action by them to bind the corporation.   Again, they and all the stockholders, with full knowledge of the facts, recognized the agreement as binding by largely carrying it out.   This is sufficient to bind the corporation by acquiescence.   Again, the corporation is not impeaching the transaction; it is the parties who have received and retain $83,400 of the corporate stock pursuant to the agreement, who now raise the question of invalidity.   They are in no position to do that.   They are bound by election and estoppel, if not by contract, independently thereof.   We see no reason why the complaint is not good for the entire cause of action the pleader purposed setting out.

*By the Court.*—The orders are affirmed.